UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

YARILI ORTIZ-WILSON o/b/o
G.X.W.,

      Plaintiff,

        **Hon. Hugh B. Scott**

     v.        **6:18CV6424**

        **CONSENT**

ANDREW SAUL, COMMISSIONER,      **Order**

      Defendant.

Before the Court are the parties' respective motions for judgment on the pleadings (Docket Nos. 12 (plaintiff), 21 (defendant Commissioner)). Having considered the Administrative Record, filed as Docket No. 9 (references noted as "[R. __]"), and the papers of both sides, this Court reaches the following decision.

## INTRODUCTION

This is an action brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner of Social Security that plaintiff is not disabled and, therefore, is not entitled to Supplemental Security Income benefits. The parties consented to proceed before a Magistrate Judge (Docket No. 23, reassignment Order, Oct. 4, 2019).

## PROCEDURAL BACKGROUND

The plaintiff ("Yarili Ortiz-Wilson" or "plaintiff") filed an application for disability insurance benefits for son G.X.W. ("claimant") on August 17, 2015, for the alleged onset date on the same day [R. 15]. That application was denied initially. The plaintiff appeared before an

Administrative Law Judge ("ALJ"), who considered the case de novo and concluded, in a written decision dated June 14, 2017, that the plaintiff was not disabled within the meaning of the Social Security Act [R. 15]. The ALJ's decision became the final decision of the Commissioner on April 10, 2018, when the Appeals Council denied plaintiff's request for review [R. 1].

Plaintiff commenced this action on June 18, 2018 (Docket No. 1). The parties moved for judgment on the pleadings (Docket Nos. 12, 21), and plaintiff duly replied (Docket No. 22). Upon further consideration, this Court then determined that the motions could be decided on the papers.

## FACTUAL BACKGROUND

Claimant was a 6-year-old school age student when plaintiff applied for Social Security benefits [R. 18] and was almost 9-years-old and a third grader when plaintiff had the ALJ hearing on February 7, 2017 [R. 15]. Plaintiff asserts that claimant has the following impairments deemed severe by the ALJ: attention deficit hyperactivity disorder (or "ADHD") and learning disorder [R. 18].

## MEDICAL AND VOCATIONAL EVIDENCE

Claimant was diagnosed with ADHD and prescribed medication [see R. 344]. Plaintiff indicated in November 2015 to Behavioral Health Network during the examination of claimant that claimant did not want to attend school, and does not sleep well at night [R. 21, 353]. Claimant's second grade teacher observed that claimant had very serious problems with carrying out multi-step instructions; organizing his own or school materials; completing work accurately without careless errors; and working at a reasonable pace [R. 185] (Docket No. 13, Pl. Memo. at 3). Claimant also had a serious problem focusing long enough to finish an assignment;

2

completing class work or homework; and working without distracting himself or others [R. 185] (id.). The teacher reported that the claimant took medication in 2015 [R. 189], noting that claimant focused better when he took the medication [R. 189]. Defendant concedes that the ALJ did not mention this evaluation in her findings (Docket No. 21, Def. Memo. at 27; see Docket No. 13, Pl. Memo. at 1, 15-22; Docket No. 22, Pl. Reply Memo. at 1).

In a school nurse report during the second grade, a psycho-educational review states that claimant was diagnosed with ADHD and prescribed medication, showing admirable improvement since beginning medication [R. 344], showing growth in focusing to tasks coincident with taking medication [R. 344].

In February 2017, claimant's three third-grade teachers and special education teacher each noted claimant's serious problems in the domain of attending and completing tasks [R. 235 (Ms. Oas, English language arts teacher), 244 (Ms. Duell, third grade content teacher), 253 (Ms. Pike, special education teacher)] (Docket No. 13, Pl. Memo. at 3-4, 4, 5). One teacher, Ms. Pike, noted that claimant was once on ADHD medication but had tics; the teacher was not sure if claimant was still on this medication [R. 257]. The ALJ noted that when claimant was not on medication, he had focusing problems [R. 25, citing Exs. 15E, 16E, 17E at 4, 6, R. 239, 248, 253, 255, 257].

Claimant took Vyvanse, Guanfacine, and Adderall, although plaintiff says these medications caused claimant to have tics [R. 20]. Claimant was not on medication in the third grade [R. 239, 257 (claimant once on medication, did not know whether he was on)] (Docket No. 21, Def. Memo. at 10). Claimant's special education teacher noted that when claimant was on ADHD medication he was focused [R. 257].

3

State Agency consultant, Dr. K. Prowda, identified claimant having marked limitation in the domain of attending and completing tasks [R. 25, 65-69, 66]. Noting teachers' questionnaires, Dr. Prowda reported that when claimant took his medication it made him focus better [R. 66].

As summarized by defendant (Docket No. 21, Def. Memo. at 14), the ALJ at Step One (of the Three-Step infant process, described below) found that claimant was not engaged in substantial gainful activity; at Step Two the ALJ found that claimant has severe impairments of ADHD and a learning disorder. At Step Three, however, the ALJ concluded that claimant's impairment did not meet or medically equal any Listing (id.). Considering the six infant domains, the ALJ found that claimant was marked for acquiring and using information; less than marked limitations for attending and completing tasks and interacting and relating with others; and no limitations for three other domains (moving about and manipulating objects; caring for oneself; and health and physical well-being) (id.). Because claimant did not meet or medically equal a Listing, the ALJ held that plaintiff was not disabled [R. 29-30].

Focusing on the attending and completing tasks domain, the ALJ noted that claimant had shown growth with respect to focus to tasks and work completion with medication intervention [R. 25, 344]. Symptomology associated with ADHD and difficulty with organization and focusing on tasks have abated when claimant takes prescribed medication [R. 25, 344].

Plaintiff is arguing that claimant had marked limitations in the domains of acquiring and using information (as found by the ALJ [R. 23-24]) and attending and completing tasks (Docket No. 13, Pl. Memo. at 2).

4

**DISCUSSION**

The only issue to be determined by this Court is whether the ALJ's decision that the plaintiff was not under a disability is supported by substantial evidence. See 42 U.S.C. § 405(g); Rivera v. Sullivan, 923 F.2d 964, 967 (2d Cir. 1991). Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. National Labor Relations Bd., 305 U.S. 197, 229 (1938)).

*Standard*

I.  General Standards—Infant Three-Step Analysis

For purposes of both Social Security Insurance and disability insurance benefits, a person is disabled when he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A). A claimant under 18 years of age, such as the claimant here, is "disabled" under the Social Security Act if he has a medically determinable physical or mental impairment (or combination of impairments) that result in "marked and severe functional limitations," and the impairment or impairments must have lasted or expect to last for at least twelve months. 42 U.S.C. § 1382c(a)(3)(C). Under the applicable regulations, the infant claimant must show that he is not working, that he has a "severe" impairment or combination of impairments, and that his impairment or combination of impairments was of listing-level severity, that is met, medically equaled, or functionally equaled the severity of listed impairments, 20 C.F.R. § 416.924. Functional equivalence of limitations,

in turn, are evaluated on six domains: acquiring and using information; attending and completing tasks; interacting and relating with others; moving about and manipulating objects; caring for oneself; and health and physical well-being, id. § 416.926a(b)(1)(i)-(vi). Marked limitations in two domains of functioning or an extreme limitation in one domain (not claimed here) constitutes a functional equivalent to a listed impairment, id. § 416.926a(d). Each domain is evaluated on whether the claimant has no limitation, is less than marked, marked, or extreme limitation, id. § 416.926a(b)(1).

"Marked" limitation for a domain is when a claimant's impairment(s) "interferes seriously with your ability to independently initiate, sustain, or complete activities. Your day-to-day functioning may be seriously limited when your impairment(s) limits only one activity or when the interactive and cumulative effects of your impairment(s) limit several activities," 20 C.F.R. § 416.926a(e)(2)(i).

The plaintiff bears the initial burden of showing that the impairment prevents the claimant from working. See Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982). Once this burden has been met, "the burden shifts to the [Commissioner] to prove the existence of alternative substantial gainful work which exists in the national economy and which the plaintiff could perform." Id.; see also Dumas v. Schweiker, 712 F.2d 1545, 1551 (2d Cir. 1983); Parker v. Harris, 626 F.2d 225, 231 (2d Cir. 1980).

To determine whether the claimant is suffering from a disability, the ALJ must employ a multi-step inquiry:

(1) whether the claimant is engaged in substantial gainful activity;

(2) whether the claimant suffers from a severe impairment;

(3) whether the impairment is listed in Appendix 1 of the relevant regulations, as assessed for the six domains of infant functioning.

20 C.F.R. § 416.924(a)-(d); see 20 C.F.R. §§ 416.920, 416.972, 416.923, 416.926, 416.926a; see Berry, supra, 675 F.2d at 467. If a plaintiff is found to be either disabled or not disabled at any step in this sequential inquiry, the ALJ's review ends. 20 C.F.R. § 416.920(a); Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir. 1992). However, it should be noted that the ALJ has an affirmative duty to fully develop the record. Gold v. Secretary, 463 F.2d 38, 43 (2d Cir. 1972).

*Application*

In the instant case, the issue is whether the ALJ had substantial evidence to support the decision rendered denying disability coverage. First, plaintiff argues that the ALJ failed to evaluate four teacher questionnaires that discussed claimant's condition (Docket No. 13, Pl. Memo. at 1, 15-22). She next contends that substantial evidence supports marked limitations for two domains, acquiring and using information (as found by the ALJ [R. 23-24]) and attending and completing tasks, contesting the ALJ's findings for the latter (id. at 1, 32-35).

Defendant responds that claimant improved when taking medication for ADHD (Docket No. 21, Def. Memo. at 15) [R. 22, 45, 562, 564]. Defendant argues that the ALJ properly found claimant did not meet any Listing (id. at 15-28). On the teachers' assessment, defendant concludes that the ALJ properly could discredit them because claimant had not taken his ADHD medication when the teachers completed the February 2017 evaluation (id. at 26; [R. 25, 239, 248]).

Plaintiff replies that the ALJ failed to mention claimant's second-grade teacher's December 2015 questionnaire (Docket No. 22, Pl. Reply Memo. at 1; [R. 182-85]; cf. Docket No. 21, Def. Memo. at 27), and the ALJ disregarded the "other source" of the second-grade

7

teacher (Docket No. 22, Pl. Reply Memo. at 1), see Bellucco v. Comm'r, No. 18CV6346, 2019 WL 1593698, at *3 (W.D.N.Y. Apr. 15, 2019) (Geraci, C.J.).

I.     Teacher Questionnaires

Plaintiff argues that the ALJ failed to weight four teacher questionnaires in finding that claimant was less than marked in the domain of attending and completing tasks (Docket No. 13, Pl. Memo. at 15) [R. 183-89, 233-40, 242-49, 251-58]. (Plaintiff is not contesting the ALJ's findings in the other five domains.). The ALJ cites these opinions (save claimant's second grade teacher) but then concluded claimant is less than marked in the domain of attending and completing tasks, presumably upon claimant's use of medication [cf. R. 25]. Plaintiff contends that the ALJ's failure to discuss or reconcile adverse evidence from these teachers with her findings as error (Docket No. 13, Pl. Memo. at 15-16).

The ALJ mentioned the teachers' findings from the third-grade teachers but couched these findings in claimant's use of medication to control his ADHD [R. 25]. Defendant responds that the ALJ properly did not credit the opinions of these four teachers (or Dr. Prowda) since these opinions were inconsistent with the record as a whole (Docket No. 21, Def. Memo. at 27). That, however, should have been found by the ALJ's in assessing these opinions, see Bellucco, supra, 2019 WL 1593698, at *3, and not in defendant's post hoc rationalization (Docket No. 22, Pl. Reply at 1-3).

Defendant also argues that the teachers' evaluation criteria differed from Social Security limitation standards (id. at 25, 27), although the third-grade teachers used Social Security Administration questionnaires [R. 233, 242, 251].

8

The ALJ noted these contrary opinions (again, save the second-grade teacher's questionnaire) but found that claimant was less than marked because claimant performed better on medication controlling his ADHD. The ALJ thus **erred** in consideration of these teacher's questionnaires without applying the factors to evaluate non-medical sources such as teachers of elementary student claimants, 20 C.F.R. § 416.927(f)(1); see also Bellucco, supra, 2019 WL 1593698, at *3. Plaintiff's motion for judgment (Docket No. 13) on this ground is **granted**.

II.     Domain of Attending and Completing Tasks

To find claimant disabled, plaintiff needs to show a second infant domain was at least marked. Plaintiff argues that the ALJ erred in finding claimant's limitation in attending and completing tasks was less than marked (Docket No. 13, Pl. Memo. at 32-35). Again, plaintiff is not challenging the findings on the other domains.

Given the error discussed above in considering the teachers questionnaires as contrary to the ALJ's findings, the ALJ's domain of attending and completing tasks finding is also questionable. This domain, on remand, needs to be reconsidered with the ALJ balancing the effect of ADHD medication on claimant's performance and the opinions of his teachers (including his second-grade teacher).

Therefore, plaintiff's motion for judgment (Docket No. 13) is **granted** on this ground.

**CONCLUSION**

For the foregoing reasons, plaintiff's motion (Docket No. 13) judgment on the pleadings is **granted**, and defendant's motion (Docket No. 21) for judgment on the pleadings is **denied**. Thus, the decision of the defendant Commissioner is **vacated and remanded** for further proceedings consistent with the above decision to find additional facts, pursuant to sentence four

9

of 42 U.S.C. § 405(g), see Curry v. Apfel, 209 F.3d 117, 124 (2d Cir. 2000). The Clerk of the Court shall close this case.

So Ordered.

*s/Hugh B. Scott*
Hon. Hugh B. Scott
United States Magistrate Judge

Buffalo, New York
November 26, 2019